J-A15028-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HUNG SUN | : | |
| | : | |
| Appellant | : | No. 97 MDA 2026 |

Appeal from the Judgment of Sentence Entered January 7, 2026
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-SA-0000332-2025

BEFORE: KUNSELMAN, J., LANE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY LANE, J.:                              **FILED: JUNE 16, 2026**

Hung Sun ("Sun") appeals *pro se* from the judgment of sentence imposed following his conviction for display of registration plate.[1]  We dismiss the appeal.

Given our disposition, a detailed recitation of the factual and procedural history of this matter is unnecessary.  Instead, we briefly note that the record reflects the following.  In 2025, a police officer observed Sun driving his vehicle with his registration plate affixed to the rear of his vehicle in an upside-down position, and issued a traffic citation to Sun on the basis that the plate was illegible at a reasonable distance.  A magisterial district judge found Sun

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 75 Pa.C.S.A. 1332(b)(3) (providing that "[i]t is unlawful to display on any vehicle a registration plate which: . . . is illegible, obscured, covered or otherwise obstructed in any manner at a reasonable distance").

guilty of the offense.  Sun thereafter appealed his summary conviction to the York County Court of Common Pleas.  On January 7, 2026, following a *de novo* hearing, the trial court affirmed the summary conviction and ordered Sun to pay a $100 fine.  Sun filed a timely *pro se* notice of appeal to this Court.

The trial court ordered Sun to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days, and to serve a copy of the concise statement on the trial court judge. Sun timely filed a concise statement, but failed to serve a copy of the concise statement on the trial court judge.  The trial court then authored a Rule 1925(a) opinion in which it concluded that all of Sun's issues were waived based on his failure to serve the judge with a copy of the Rule 1925(b) order.

Initially we must address Sun's failure to comply with the service requirement of Rule 1925(b).  In **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), the Pennsylvania Supreme Court created the bright-line rule that any issue not raised in a Rule 1925(b) statement is waived.  **See id**. at 309; **see also Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (reaffirming the "bright-line rule first set forth in **Lord**" and holding that an untimely Rule 1925(b) statement results in waiver of all issues on appeal); **Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005) (holding that the "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised").

However, in determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation under the rule. *See Berg v. Nationwide Mut. Ins. Co.*, 6 A.3d 1002, 1007-08 (Pa. 2010) (plurality); *see also Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*). Therefore, we look first to the language of that order. *See id*.

Pertinently, Rule 1925(b)(3) provides that:

[t]he judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and *both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement*. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and

(iv) that any issue not properly included in the Statement *timely filed and served pursuant to subdivision (b)* shall be deemed waived.

Pa.R.A.P. 1925(b)(3) (emphasis added). Where the trial court's order is inconsistent with the requirements of Rule 1925(b)(3)(iii), the waiver provisions of subsection (b)(4)(vii) do not apply. *See Berg*, 6 A.3d at 1011.

Here, the trial court's Rule 1925(b) order stated:

> **AND NOW**, this 14th day of January, 2026, having received a notice that the defendant, Hung Sun, has filed an appeal in this matter on January 13, 2026, and pursuant to Pa.R.A.P. 1925(b), the court hereby directs APPELLANT to file of record in this court, and, concurrent with filing, serve on the undersigned judge and all parties a concise statement of the matters complained of on the appeal.
>
> The undersigned judge may be served by mailing a copy of the statement to the undersigned judge at:
>
> York County Judicial Center
> 45 North George Street
> York, PA 17401
>
> The statement shall be filed no later than 4:30 p.m. TWENTY-ONE (21) days after the date of the entry of this order on the case docket. Any issue not properly included in the statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived.
>
> The clerk of courts is directed to provide notice of the entry of this order to counsel for the parties and directly to any unrepresented party.

Rule 1925(b) Order, 1/14/26 (unnecessary capitalization omitted).

Our review of the Rule 1925(b) order reflects that, while it appraised Sun of "the address to which the appellant can mail the Statement," it failed to appraise Sun of "the place the appellant can serve the Statement in person." Pa.R.A.P. 1925(b)(3)(iii). Thus, due to this deficiency in the Rule 1925(b) order, we decline to find waiver of Sun's issues based on his failure to timely serve a copy of the concise statement on the trial court judge. *See Berg*, 6 A.3d at 1011.

However, although we decline to find waiver of the issues raised in the concise statement, we cannot overlook the significant deficiencies in Sun's

- 4 -

appellate brief. Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defects in the brief are substantial. **See Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa. Super. 2017); **see also** Pa.R.A.P. 2101 (providing that, if the appellant's brief fails to conform with the rules of appellate procedure in all material respects, the appeal may be quashed or dismissed).

Pa.R.A.P. 2111(a) provides that the brief of the appellant shall consist of, *inter alia*, the following matters, separately and distinctly entitled:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

\* \* \* \*

(8) Argument for appellant.

Pa.R.A.P. 2111(a).

Here, Sun's *pro se* appellate brief does not comply with the mandates of Rule 2111(a) by including these required sections. The entirety of Sun's brief consists of five pages. His brief does not include a statement of jurisdiction. **See** Pa.R.A.P. 2111(a)(1); **see also** Pa.R.A.P. 2114 (requiring

the statement of jurisdiction to "contain a precise citation to the statutory provision, general rule or other authority believed to confer on the appellate court jurisdiction to review the order or other determination in question"). The brief does not identify the order or other determination that Sun seeks to challenge. *See* Pa.R.A.P. 2111(a)(2); *see also* Pa.R.A.P. 2115 (providing that "the text of the order or other determination from which an appeal has been taken or which is otherwise sought to be reviewed shall be set forth verbatim immediately following the statement of jurisdiction"). The brief does not provide either the scope of review or the standard of review that this Court must apply in relation to the issues on appeal. *See* Pa.R.A.P. 2111(a)(3). The brief does not include a statement of the questions involved in the appeal. *See* Pa.R.A.P. 2111(a)(4); *see also* Pa.R.A.P. 2116 (providing that "[n]o question will be considered unless it is stated in the statement of questions involved"). The brief does not include a statement of the case, including: a statement of the form of action; a brief procedural history of the case; or a closely condensed chronological statement of all the facts which are necessary to be known to determine the point in controversy, with appropriate references to the places in the record where the evidence substantiating the fact relied upon may be found. *See* Pa.R.A.P. 2111(a)(5); *see also* Pa.R.A.P. 2117. The brief does not include a summary of the argument, providing a concise, but accurate, summary of the arguments presented in support of the issues raised. *See* Pa.R.A.P. 2111(a)(6); *see also* Pa.R.A.P. 2118.

With respect to the argument section of Sun's brief, this Court has explained:

> When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited.
>
> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted); *see also* Pa.R.A.P. 2119(a) (stating that the argument shall be divided into as many sections as there are questions presented, followed by discussion with citation to relevant legal authority).

In his brief, Sun does not designate any section as the "argument" section of his brief. Nor has he identified any issues on appeal. Rather, the entirety of his five-page brief consists of references to statutes and cases which have no bearing on his summary conviction. While Sun eventually references the language of section 1332(b)(3), he provides no meaningful discussion of that statute or relevant case law interpreting that statute.

In sum, Sun's brief bears extensive deficiencies and is noncompliant with our Rules of Appellate Procedure. Further, his argument is undeveloped and lacks meaningful legal analysis. Given Sun's extensive briefing

deficiencies and undeveloped argument, we are constrained to dismiss the appeal.[2]

Appeal dismissed.

President Judge Emerita Ford Elliott joins the memorandum.

Judge Kunselman files a concurring statement.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 06/16/2026

---

[2] We are mindful that Sun is proceeding *pro se*.  However, "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant."  **Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citation omitted). "Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court."  **Id**.  Thus, "[a]lthough the courts may liberally construe materials filed by a *pro se* litigant . . . a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed."  **Commonwealth v. Blakeney**, 108 A.3d 739, 766 (Pa. 2014).